IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOY LUCRETIA CLARK,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 25-CV-0792** |
| | : | |
| **EXPERIAN,** *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**MARSTON, J.**                                                                              **May 16, 2025**

Plaintiff Joy Lucretia Clark initiated this civil action by filing a *pro se* Complaint against Experian and TransUnion.[1] She claims that Experian maintained an inaccurate credit report and failed to correct inaccuracies. She also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss her Complaint for failure to comply with the Federal Rules of Civil Procedure and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii). Clark will be granted leave to file an amended complaint if she can cure the deficiencies identified by the Court.

**I.     FACTUAL ALLEGATIONS**

Clark's claims are based on information contained in Experian's credit reporting file.[2] (Doc. No. 2-1 at 1.) Clark contends that there are "fraudulent activities and errors plaguing [her] credit report." (*Id*.) The errors include "incorrect spellings of [her] name, variations of [her] name, wrong social security numbers, and erroneous addresses." (*Id*.) She asserts that the "false

---

[1] Clark submitted a form complaint (Doc. No. 2) along with an attachment (Doc. No. 2-1). The Court will consider these documents together to constitute Clark's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Clark names TransUnion as a Defendant in the caption of her Complaint, but that is her sole mention of TransUnion.

reports" caused her and her family to be harassed by debt collectors and "severely impacted [her] credit score, restricting [her] access to essential financial opportunities." (*Id*.)

Clark claims that she sought relief by filing "multiple complaints with various government agencies, including the Consumer Financial Protection Bureau." (*Id*.) Clark further maintains that "[d]espite following the proper channels and submitting requests for reinvestigation," Experian did not fix the errors. (*Id*.) She claims that she reported identity theft, but the inaccurate reports remain in her file, continuing to damage her creditworthiness. (*Id*.) Experian purportedly re-included accounts on her credit report that had been removed earlier. (*Id*.)

Clark alleges that she suffered "hardship, identity theft, damaging credit worthiness, false reporting, and mental illness." (Doc. No. 2 at 5.) She brings claims alleging a "breach of responsibilities" under the Fair Credit Reporting Act (FCRA), violations of her "consumer rights," the "Fair Lending Act, [and the] Privacy Protection Act," and use of "false reporting practices." (*Id*. at 3; Doc. No. 2-1 at 1–2.) Clark requests that the Court order Experian to "conduct[ ] a thorough and transparent investigation," fix the errors, and pay money damages for its errors. (Doc. No. 2-1 at 1–2.)

II.     STANDARD OF REVIEW

Clark appears to be incapable of paying the filing fees to commence this action, and the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). When the litigation is in this early stage, the Court accepts

the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

A complaint may also be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019); *see also Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (*per curiam*) ("A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (internal quotation omitted). The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94. "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the

parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, No. 16-cv-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

**III.    DISCUSSION**

    **A.    TransUnion**

Clark lists TransUnion in the caption of her Complaint, but makes no allegations concerning TransUnion. Because Clark fails to allege any factual or legal claims against TransUnion, the Complaint will be dismissed against that Defendant because it fails to meet the requirements of Rules 8 and 10, and it does not state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

    **B.    Experian**

Clark alleges claims that Experian violated the FCRA and committed a "breach of responsibilities" under the Act. (Doc. No. 2 at 3; Doc. No. 2-1 at 1 ("Experian has breached its responsibilities under [FCRA §§ 611(a)(5) and 615(f)]").)[3] Clark also references other claims,[4] which the Court construes as state law claims of negligence, invasion of privacy, and defamation for the purposes of this action. (*See* Doc. No. 2; Doc. No. 2-1 at 1–2.) *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (noting that the court must "apply the applicable law, irrespective of whether a pro se litigant mentioned it by name" (internal quotation omitted)).

---

[3] The reference to FCRA § 611(a)(5) corresponds to 15 U.S.C. § 1681i(a)(5) in the federal code, and likewise, FCRA § 615(f) is 15 U.S.C. § 1681j(f).

[4] Clark mentions the "Fair Lending Act," but as the Court explained to her previously, there is no federal statute by that name. *See Clark v. Orphans Court*, No. 25-cv-0838, 2025 WL 1208903, at *2 n.4 (E.D. Pa. Apr. 25, 2025). She also mentions the "Privacy Protection Act"—a possible reference to 42 U.S.C. § 2000aa *et seq.*, a statute that protects journalists from being required to turn over to law enforcement any work product and documentary materials. That statute clearly does not apply. She may have also attempted to reference the Privacy Act of 1974, 5 U.S.C. § 552a(g)(1)(D), which creates a private cause of action when a federal agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1)(D). Clark is not suing the government, so that statute also does not apply.

4

Clark's Complaint, even liberally construed, fails to state a plausible FCRA claim or a state law claim that is not otherwise preempted by the FCRA. Accordingly, the Court will also dismiss the Complaint against Experian under 28 U.S.C. § 1915(e)(2)(B)(ii).

1.  **FCRA Claim**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).[5] The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the

---

[5] To state a plausible claim under this section of the FCRA, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).[6]

To proceed against a credit reporting agency under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342–43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297–98 (E.D. Pa. 2021).[7]

Clark has not alleged a plausible claim against Experian under the provisions of the FCRA pertaining to consumer reporting agencies. First, the allegations in Clark's Complaint are

---

[6] To state a plausible claim for failing to reinvestigate a dispute under the FCRA, a plaintiff must allege that the consumer reporting agency had a duty to reinvestigate, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). The FCRA provides that a consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

[7] A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up) (internal quotations omitted); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). A court must apply a "reasonable reader" standard to determine the accuracy of an entry in a report, and consider whether the entry, read in the context of the report in its entirety, is inaccurate or ambiguous. *Id.* at 342.

factually underdeveloped.  Clark claims that inaccuracies in her credit report "include incorrect spellings of [her] name, variations of [her] name, wrong social security numbers, and erroneous addresses," but she alleges no facts specifying, for example, what those errors were, what consumer credit accounts were involved, or the dates and circumstances surrounding the purported errors.  (*See* Doc. No. 2-1 at 1.)  *See Cook v. TransUnion*, No. 23-cv-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (finding plaintiff failed to allege sufficient facts regarding the inaccurate information); *Cruel v. Experian*, No. 22-cv-5236, 2023 WL 4140828, at *3 (E.D. Pa. June 22, 2023) (finding that plaintiff did not state plausible claim by alleging that information was wrong but without providing facts about her accurate information); *Peeples v. Equifax Info. Servs., LLC*, No. 23-cv-0617, 2023 WL 4374411, at *3 (E.D. Pa. July 6, 2023) (concluding that a claim that credit reports contained inaccurate information with respect to certain stores did not "sufficiently set forth facts describing what inaccurate information [the plaintiff] believe[d] was included . . . nor clearly explained why the information was inaccurate").

      Second, she has failed to allege plausibly that she disputed the inaccuracy contained in her file with Experian.  Rather, Clark alleges only that she disputed the information "with various government agencies" and that "[d]espite following the proper channels and submitting requests for reinvestigation, Experian has failed to rectify these inaccuracies and remove them from [her] credit file." (Doc. No. 2-1 at 1.)  This is insufficient to allege that she filed her dispute *with Experian*, thus triggering a duty to reinvestigate.

      Because she has not alleged sufficient facts detailing what her correct information is, what Experian purportedly got wrong, and what actions she and Experian did or did not take,

Clark has failed to state a plausible claim under the FCRA.[8] *Schiano*, 832 F. App'x at 120 (explaining that "'mere conclusory statements' do not satisfy [the plaintiff's] burden under the federal rules" (quoting *Iqbal*, 556 U.S. at 678)). Clark's allegations are vague and conclusory and therefore must be dismissed.

### 2. State Law Claims

To the extent that Clark seeks to allege state common law claims against Experian for invasion of privacy or otherwise, the FCRA, pursuant to 15 U.S.C. § 1681h(e), "preempts state common law claims that seek to impose liability for conduct governed by the statute." *Williams v. Experian Info. Sols., Inc.*, No. 24-cv-2519, 2025 WL 714363, at *6 (E.D. Pa. Mar. 4, 2025) (citing *Shannon v. Equifax Info. Servs., LLC*, 764 F. Supp. 2d 714, 727 (E.D. Pa. 2011)). Because the FCRA "comprehensively regulates the handling and dissemination of consumer credit information by [credit reporting agencies]," claims for defamation, invasion of privacy, and negligence are preempted by the FCRA unless "false information [is] furnished with malice or willful intent." 15 U.S.C. § 1681h(e); *see also Williams v. Navient Sols., LLC*, No. 17-cv-6509, 2017 WL 3784039, at *2 (D.N.J. Aug. 31, 2017). Clark's negligence, invasion of privacy, and defamation claims against Experian thus cannot proceed because they are preempted under § 1681h(e) since nothing in the Complaint supports a plausible inference that Experian acted with

---

[8] Moreover, while Clark argues that Experian did not meet its statutory obligations under the FCRA, she does so in a conclusory fashion and without any factual assertions of what Experian did or did not do. (*See* Doc. 2-1 at 1 ("Experian has breached its responsibilities . . . by failing to rectify inaccuracies and false information;" "Experian's insufficient response has contravened" statutory requirements.)). To state a plausible claim, Clark must do more than assert "an unadorned, the defendant-unlawfully-harmed-me accusation" in her Complaint. *Iqbal*, 556 U.S. at 678; *see also Schiano v. HomEq Servicing Corp. and HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-cv-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims).

malice or intent to injure in its actions.  *See Parker v. Lehigh Cnty. Domestic Rel. Ct.*, 621 F. App'x 125, 130 (3d Cir. 2015) (*per curiam*) (affirming dismissal of defamation claim on § 1681h(e) preemption grounds); *Yurkovic v. New Jersey Higher Educ. Student Assistance Auth.*, No. 16-cv-5339, 2019 WL 7602361, at *6 (D.N.J. July 15, 2019) ("Apart from Plaintiff's conclusory allegations set forth in his complaint, . . . no evidence has been provided to the Court indicating that any Defendant acted with malice or willful intent.  Plaintiff's common law defamation claim is therefore preempted by the FCRA and is dismissed [pursuant to § 1681h(e)].").

## IV.   CONCLUSION

For these reasons, the Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will permit Clark an opportunity to file an amended complaint that addresses the defects identified above.

An appropriate Order follows.